**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: ) | |
| ) | Case No. CV 12-2331-PHX-JAT |
| MISSION FIBER GROUP, INC., ) | |
| ) | |
|    Debtor. ) | Bankruptcy Case No. 2:10-bk-15761-SSC |
| ) | Adversary Case No. 2:11-ap-01455-SSC |
| David A. Birdsell, Chapter 7 Trustee, ) | |
| ) | |
|    Plaintiff, ) | |
| vs. ) | |
| ) | |
| David Scott Anderson (aka Scott Anderson); ) | **DEFAULT JUDGMENT AGAINST** |
| Jane Doe Anderson, Morris Wayne Hillers ) | **DAVID SCOTT ANDERSON AKA** |
| (aka Wayne Hillers); Jane Doe Hillers, ) | **SCOTT ANDERSON AND TONI DEE** |
| ) | **ANDERSON AKA JANE DOE** |
|    Defendants. ) | **ANDERSON** |

The Plaintiff and Chapter 7 Trustee, David A. Birdsell ("Plaintiff" or "Trustee"), having filed a Complaint (the "Complaint") on August 10, 2011 in the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court"), Adversary No. 2:11-ap-01455-SSC (the "Adversary Proceeding") against, among others, David Scott Anderson aka Scott Anderson and Toni Dee Anderson aka Jane Doe Anderson, husband and wife ("Defendants"); the Clerk of the Bankruptcy Court having duly entered the default against Defendants; reference of the Adversary Proceeding having been withdrawn from the Bankruptcy Court to this Court; the Plaintiff having filed his Motion for Entry of Default Judgment against the Defendants; the

1  Defendants being neither infant nor incompetent; the Defendants having been properly served
2  pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure; the statutory time
3  within which to plead or otherwise defend and the Defendants having failed to do so; the
4  Complaint having set forth facts sufficient to support the claim for relief; and good cause
5  appearing,
6      IT IS ORDERED, ADJUDGED AND DECREED granting Judgment by default (Doc.
7  21) against David Scott Anderson aka Scott Anderson and Toni Dee Anderson aka Jane Doe
8  Anderson, husband and wife, and each of them, as follows:
9      A.    Avoiding the Transfers (as defined in the Complaint) in the amount of
10 $5,777,375.07, pursuant to 11 U.S.C. §§ 544, 548 and A.R.S. § 44-1001, et seq.;
11     B.    Entering judgment against the Defendants in favor of the estate for the value of the
12 avoided Transfers in the amount of $5,777,375.07, pursuant to 11 U.S.C. § 550; and
13     C.    Preserving the Transfers for the benefit of the estate, pursuant to 11 U.S.C. § 551.
14     IT IS FURTHER ORDERED that because the Anderson Defendants are the only
15 remaining Defendants in this case, this Judgment closes this case.
16     Dated this 9th day of July, 2013.

James A. Teilborg
Senior United States District Judge